## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY

ROBERT PURDY and
RHONDA PURDY                                   PLAINTIFFS

v.                                             CV2020-242

WHITE KNIGHT LIMOUSINE
INC., and STEVE GANN                           DEFENDANTS

### COMPLAINT

Come now the Plaintiffs, by their below-signed counsel, and state:

### I. JURISDICTION

1. Plaintiff, Robert Purdy, is, and was at all times stated herein, a resident of Harrison, Boone County, Arkansas.

2. Plaintiff, Rhonda Purdy, is, and was at all times stated herein, a resident of Harrison, Boone County, Arkansas.

3. Defendant, White Knight Limousine, Inc. (hereinafter "White Knight"), is an incorporated entity in the State of Missouri.

4. Defendant, Steve Gann (hereinafter "Gann"), is hereby is, and was at all times stated herein, a resident of the State of Missouri.

5. All events herein complained of occurred in West Memphis, Crittenden County, Arkansas.

6. This Court is a court of proper jurisdiction.

7. This Court is a court of proper venue.

### II. FACTS

8. On, or about, May 30, 2016, Rhonda Purdy was a passenger on a bus.

1



9. Rhonda Purdy was a fare-paying passenger traveling on said bus.

10. At said time, and continuing through the present time, the Plaintiff, Robert Purdy was, and continues to be, the spouse of the Plaintiff Rhonda Purdy.

11. The above-described bus was operated by and under a fare contract with White Knight.

12. Defendant, White Knight, conducts business as a contract carrier in the State of Arkansas.

13. Defendant, White Knight, is a contract carrier under the Arkansas Motor Carrier Act and under applicable Arkansas law.

14. Said bus was driven by Defendant, Gann.

15. Defendant, Gann, stopped the bus for passengers to disembark in West Memphis, Arkansas.

16. Prior to said disembarkment, Defendant, Gann, placed a waste receptacle in the walkway at the front of the bus.

17. At said time and place, Defendant, Gann, stopped the bus and opened the door and nodded to the passengers signaling the passengers to disembark.

18. At said time and place, Defendant, Gann, allowed said waste receptacle to remain in the walkway at the front of the bus during said disembarkment.

19. At the time of said embarkment, Defendant, Gann, did not lower the pneumatic lift for the exit of said bus.

20. Upon attempting to exit the bus, Rhonda Purdy, tripped over said waste receptacle.

2

21. Upon said tripping, Rhonda Purdy stumbled down the stairs and out of the bus.

22. Upon exiting the bus, Rhonda Purdy fell out of the bus.

23. Said fall out of the buss was due to the waste receptacle being improperly placed in the way of passengers and the lack of the pneumatic lift being lowered.

24. At the time of said fall, Rhonda Purdy's face and skull impacted the asphalt outside of the bus.

### III. FAULT OF DEFENDANT, GANN

25. The Defendant, Gann, was negligent in the above-described incident.

26. Said negligence includes, but is not limited to, the following:

   a. placing a waste receptacle in the walkway at the front of the bus;

   b. leaving said waste receptacle in the walkway at the front of the bus while signaling passengers to disembark;

   c. failing to lower the pneumatic lift for the exit of the bus;

   d. Otherwise failing to exercise the highest degree of care for the safety of passengers.

### IV. RESPONDEAT SUPERIOR

27. All actions of the Defendant, Gann, as described above were as an agent of the Defendant, White Knight.

28. All actions of the Defendant, Gann, as described above were as an employee of the Defendant, White Knight.

29. All actions of the Defendant, Gann, as described above were while acting within the scope of his employment of the Defendant, White Knight.

30. All actions of the Defendant, Gann, as described above were while acting within

3

the scope of his authority of the Defendant, White Knight.

31. All actions of the Defendant, Gann, as described above, were while he was engaged in the transaction of business which has been assigned to him by the Defendant, White Knight.

32. All actions of the Defendant, Gann, as described above, were actions that can reasonably be said to have been contemplated as a part of his authority from the Defendant, White Knight.

33. All actions of the Defendant, Gann, as described above, were actions that can reasonably be said to have been contemplated as a part of his employment from the Defendant, White Knight.

34. All actions of the Defendant, Gann, as described above, were in furtherance of the interests of the Defendant, White Knight, even if it was not expressly authorized and even if specifically forbidden.

35. Therefore, any negligence of Defendant, Gann, is charged to Defendant, White Knight.

36. Therefore, any fault of Defendant, Gann, is charged to Defendant, White Knight.

### V. DAMAGES

37. As a result of the negligence described above, the Plaintiff, Rhonda Purdy, has suffered damages.

38. As a result of the fault described above, the Plaintiff, Rhonda Purdy, has suffered damages.

39. Said damages were proximately caused by the Defendant's negligence.

40. Said damages were proximately caused by the Defendant's fault.

41. Said damages include, but are not limited to, the following:

   a. The nature, extent, and duration of any injury and whether it is temporary or permanent;

   b. The reasonable expense of any necessary medical care, treatment and services received, including transportation expenses necessarily incurred in securing such care, treatment, or services, and the present value of such expense reasonably certain to be required in the future;

   c. Any pain and suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

   d. The value of any earnings lost and the present value of any earnings reasonably certain to be lost in the future; and,

   e. Scars and disfigurement and visible results of her injury.

42. As a result of the negligence described above, the Plaintiff, Robert Purdy, has suffered damages.

43. As a result of the fault described above, the Plaintiff, Robert Purdy, has suffered damages.

44. Said damages include the reasonable value of any loss of the services, society, companionship, and marriage relationship of his wife, Rhonda Purdy.

45. Plaintiffs are entitled to an award of compensatory damages from the Defendants for the above-referenced damages.

WHEREFORE, the Plaintiffs pray for a jury trial, for joint and several judgments against the Defendants, for compensation for their damages against the Defendants, for a jury trial, for costs, interest, attorney fees, and for all other relief to which they are entitled.

Respectfully Submitted,

Ken Swindle
Ark. Bar #97234
619 West Persimmon Street
Rogers AR 72756
Tel. (479) 621-0120
Fax (479) 621-0838